RICHARD D. WOOD, JOHN YARROW, JAMES ABBOTT, AND JOSEPH BACON, COPARTNERS UNDER THE NAME AND STYLE OF WOOD, ABBOTT, AND COMPANY, APPELLANTS, v. ALEXANDER C. DAVIS.

Where a bill in chancery was filed in a state court, by a citizen of that State, against parties, some of whom resided in that State and some in another State, and the latter removed the cause into the circuit court of the United States; and that court, after

answer filed, remanded it to the state court, this order was, under the circumstances of the case, erroneous.

The real parties in interest were those who resided out of the State. The circumstance that other and formal parties were joined with them in the bill, cannot oust the federal courts of jurisdiction.

THIS was an appeal from the circuit court of the United States for the northern district of Illinois.

The case is stated in the opinion of the court.

It was argued by *Mr. St. George T. Campbell* and *Mr. Browning,* for the appellants, and *Mr. Carlisle,* for the defendant.

The argument turned chiefly upon the point, whether Foster and Stohl, who held the deed, and Hooper and Campbell, who held the note, were real or nominal parties in the cause.

Mr. Justice NELSON delivered the opinion of the court.

This is an appeal from a decree of the circuit court of the United States for the northern district of Illinois.

Davis, a citizen resident of Illinois, filed a bill in the 14th judicial circuit of that State, in chancery, against the appellants, citizens and residents of Pennsylvania, and four other persons who will be more particularly noticed hereafter, setting out various dealings and business transactions between the complainant and the appellants, under the firm of Wood, Abbott, and Co., from the year 1843 down to the year 1849. That in October of the latter year, the firm, claiming to be largely in advance to the complainant, sent one of the partners to his place of business for the purpose of procuring a settlement of the accounts, and security for the balance of indebtedness. The balance was ascertained to be some $29,000, the payment of which was eventually secured by the conveyance of certain parcels of real estate; the firm, at the same time, entering into an agreement to resell and reconvey the same for the amount of the debt and interest, in one, two, three, and four years. The complainant also gave his notes for the amount for the purchase-money. All the notes have been paid, and parcels of the land reconveyed from time to time, except the last note of $6,000, and the parcels of land retained as security for its payment.

This note having become due, the firm of Wood, Abbott, and Co., the appellants, transmitted it and a deed of the land to Foster and Stohl, with directions to collect the money, and on receipt of the same to deliver the deed to the complainant. The note having been presented for payment, it was refused, upon which they placed it in the hands of Hooper and Campbell, attorneys at law, for collection. The bill in this case was filed

against Wood, Abbott, and Co., the appellants, Stohl and Foster, the agents, and Hooper and Campbell, the attorneys, setting out the facts substantially as above stated, together with the additional charges that the account presented by the firm of Wood, Abbott, and Co., was overcharged and fraudulently made up, and that a much less balance was due to them than the amount secured upon a fair and equitable adjustment. The bill avers that Stohl and Foster had no interest in the transaction except to receive the money on the note, and to deliver the deed as agents of Wood, Abbott, and Co.; and that Hooper and Campbell have no interest, except as attorneys for the collection of the note. There is a prayer for subpœna against all the defendants, and for answers; also that an account be taken between the complainant and Wood, Abbott, and Co.; and the note be given up, and the deed be delivered to complainant; that an injunction be issued, enjoining Stohl and Foster, and Hooper and Campbell, from delivering over the note to the appellants.

The firm of Wood, Abbott, and Co. entered their appearance at November term, 1853, and petitioned the court, under the 12th section of the judiciary act, for a removal of the cause to the circuit court of the United States, on the ground that they were citizens and residents of the State of Pennsylvania, which application was granted.

The appellants, afterwards, in April, 1854, filed an answer to the bill in the circuit court of the United States; and on the 29th of June, 1855, that court ordered the cause to be remanded back to the state court from which it was sent.

The case is now here on an appeal from that order.

The ground upon which the cause was remanded is, that four of the defendants were citizens of the State of Illinois— namely, Stohl and Foster, and Hooper and Campbell—the same State of which the complainant was a citizen. And this presents the question whether or not these defendants were parties in interest in the subject of litigation, or, in other words, were proper or necessary parties in the suit. It has been repeatedly decided by this court, that formal parties, or nominal parties, or parties without interest, united with the real parties to the litigation, cannot oust the federal courts of jurisdiction, if the citizenship, or character of the real parties, be such as to confer it within the 11th section of the judiciary act. 7 Cranch, 98; 3 Ib. 267; 8 Wheat. 421; 5 Cranch, 303.

It would be difficult to state a case of parties more destitute of interest, or in which they were used merely as formal parties, than in the case of these defendants. Stohl and Foster were simply agents of Wood, Abbott, and Co., with special instructions in which the complainant had no participation, and which could

be recalled at any time before carried into execution; and, until carried into execution, the complainant certainly could set up no right under them, much less a right in disregard and defiance of them. Even if the state court had gone on and decreed against these defendants, and compelled a surrender of the note, or a delivery of the deed in the absence of the principals, it could not have extinguished the note, or have transferred the title to the land, as the decree could have had no binding effect upon them. Before the surrender could extinguish the note, or the delivery could have the effect to pass the estate in the land, the decree must operate upon the principals, the real parties in interest, and coerce them to make such surrender or delivery. The agents had no authority to represent them in the litigation. Nor had they any interest of their own in the subject in controversy. This is not the case of a stakeholder, or holder of a deed as an escrow, where a trust has been created by the parties which is sought to be enforced by one of them. In all such cases the trustee may be a proper party, as he has a duty to perform, and which the court may enforce if improperly neglected or refused.

The above view applies with equal if not greater force to the case of the attorneys.

Even if there could be any doubt about the correctness of the view above taken, after the real parties in interest appeared and took upon themselves the defence, the defendants, Stohl and Foster, and Hooper and Campbell, were no longer parties in interest, or necessary parties, as the possession of the note and of the deed by the agents and the attorneys, was, in judgment of law, the possession of the principals and clients, and any decree or injunction against them would bind the agents or attorneys. 6 Ves. 143; 1 Mer. 123; 1 Daniel's Pr. 343; 7 Hare, 428; Story Eq. Pl. §§ 229, 231, 232.

We are satisfied that the decision of the court below was erroneous, and that the order remanding the cause to the state court must be reversed, and the cause restored to its place in the circuit court of the United States.