## Case No. 4,280.

EDGERTON et al. v. GILPIN.

[3 Woods, 277.][1]

Circuit Court, E. D. Texas. May Term, 1878.

T. N. Waul, for the motion.

E. J. Davis, contra.

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

BRADLEY, Circuit Justice. This case was commenced in the state district court of Nueces county, in December, 1867, the complainants being three business firms of New York, and the defendants being a business firm in Nueces county, Texas. The suit was an equity suit, brought to procure the sale of certain real estate in Nueces county, and certain claims against different parties, which had been assigned by the defendants to one Charles Russell, as trustee, to secure to the plaintiffs, and to one other business firm of New York, certain debts due to them by the defendants. The plaintiffs prayed for a sale of the property to satisfy these debts. The three plaintiff firms were L. Edgerton & Doane, Gardner, Green & Co., and Reid, Sprague & Co.; the other firm interested with them in the same trust was Lane, Banks & Co. The defendant firm was F. Belden & Co., to whom was added as defendants, Russell the trustee, and the firm of Lane, Banks & Co., who did not join in the suit. The latter firm was added merely because they had an interest in the property sought to be sold. They were not served with process except by publishing a citation, and they never appeared in the cause. Russell did not appear, having, as alleged, emigrated to Mexico, and has since deceased. The real defendants, having any interest in the cause opposed to the plaintiffs, were the firm of F. Belden & Co., consisting of F. Belden, then deceased, and H. A. Gilpin, who was surviving partner of Belden, and administrator of his estate, appointed thereto by the county court of Nueces county. Gilpin was duly served with process, and defended the suit. Mauricia A. Belden, widow of F. Belden, was subsequently made a party.

After various proceedings in the case, the plaintiffs, in October, 1869, applied to remove the cause into the circuit court of the United States for the eastern district of Texas, on the ground that from prejudice and local influence they would not be able to obtain justice in the state district court. This application was made under the act of March 2, 1867 [14 Stat. 558], amendatory of the act of July 27, 1866 [14 Stat. 306], relating to removal of causes. The application for removal was first made by motion, supported by an affidavit, on the 16th of October, 1869. The motion, as filed, alleged that the plaintiffs were citizens and residents of the state of New York. The affidavit stated that they were of the city and state of New York, and that they had reason to believe that from prejudice and local influence they would not be able to obtain justice in the state court.

The motion was opposed by the defendants by exceptions filed on the 19th of October, 1869, on the ground, first, that Lane, Banks & Co., of New York, were defendants; secondly, that the acts of March 2d, 1867, and of July 27th, 1866, had not been complied with; thirdly, that the plaintiffs had not filed a petition, as required by the act, etc. The next day, the 20th of October, 1869, the plaintiffs filed a regular petition for the removal of the cause, alleging that they were citizens of the United States, and of the state of New York, and that the defendants were citizens of the state of Texas; that the matter in controversy exceeded five hundred dollars, and they referred to their previous affidavit, motion and bond already filed, and prayed for a removal of the cause. This petition was not verified by affidavit, but was only signed by the attorneys of the plaintiffs. But its statements as to the citizenship of the parties have never been denied. This petition was not acted on by the court for more than a year, during which time further proceedings were had in the cause, namely, the appointment of a receiver to take charge of a portion of the property, who, however, was subsequently discharged. The application for removing the cause was again presented to the court on the 25th of November, 1870, and was then heard, and an order of removal was made by the court, and the cause was transferred to this court, and has ever since progressed here.

After the removal of the cause, the plaintiffs, to avoid the objection to the jurisdiction of this court, arising from making the firm of Lane, Banks & Co. defendants, dismissed their bill as to them. Subsequently, in September, 1877, in order that the pleadings and proceedings might be in conformity to the forms of pleading and proceeding in equity in this court, the plaintiffs filed an amended and supplementary bill, making only the said Gilpin, surviving partner and administrator of F. Belden, and Mauricia, his widow, defendants; and therein alleging the citizenship of themselves and of the defendants, the one of New York, the other of Texas. To this bill the defendants appeared, and filed answers, and the cause has been going on since in this form. Now, after the cause has proceeded for seven or eight years in this court, the defendants move to remand it to the state court for the irregularities before referred to. We have made this statement, as furnishing a better argument than any other that could be made, to show that it would be unjust and oppressive to grant this motion. The parties have acquiesced in the removal for years, and have been proceeding with the litigation of the cause in this court without objection. Every ground of objection to the jurisdiction of this court has been removed. We think the parties are entirely estopped from moving to remand at this stage.

The only point that would have required special consideration at any time is, whether the fact that Lane, Banks & Co. were made defendants in the cause, they being citizens of New York, the same state of which the plaintiffs are citizens, would have precluded

its removal. But they were made defendants nominally, because they did not choose to join the plaintiffs in bringing the suit, not being willing, probably, to incur any costs on the subject. They were not necessary parties. They could have been cited to prove their claim before the master without being made parties. I do not think that the making of them formal parties changed the character of the suit, as a suit between citizens of New York on one side, and citizens of Texas on the other. They were the only real litigants in the cause. It was really and truly and only a litigation between them, and we should have been inclined to think that the cause was properly removed, at the time it was removed, notwithstanding this objection. But, in view of the course which the cause has taken, we think that, if the objection could have been properly urged, it has ceased to be a ground of objection to the jurisdiction of this court. The motion is overruled.