SCOUTT v. KECK et al.

(Circuit Court of Appeals, Eighth Circuit. March 23, 1896.)

No. 546.

1. REMOVAL OF CAUSES — DIVERSE CITIZENSHIP — NECESSARY AND FORMAL PARTIES.

An agent or trustee, appointed by both parties to a sale of lands to hold the deed, purchase-money notes, and mortgage securing them until certain conditions are performed, is a necessary, and not a merely formal, party to a suit for specific performance brought by the vendor against him and the vendee, wherein part of the relief sought is a decree compelling

such trustee to record the deed and deliver the notes and mortgage in accordance with the contract; and if the complainant and the trustee are citizens of the same state, the suit is not removable by the vendee, though he be a citizen of a different state. Wood v. Davis, 18 How. 467; Bacon v. Rives, 1 Sup. Ct. 3, 106 U. S. 99; Construction Co. v. Simon, 53 Fed. 1,—distinguished.

**2. SAME—SEPARABLE CONTROVERSY.**

Complainant purchased land from K., giving her his notes for deferred payments, and afterwards sold the land to M., making a deed therefor, which, together with M.'s notes and mortgage for the purchase money, were placed in the hands of one T., as trustee, to collect certain of the notes when due, and thereupon record the deed, and to deliver the proceeds of the notes collected and the remaining notes and the mortgage to complainant, on the latter's furnishing an abstract showing perfect title in himself. After the notes and mortgages had been placed in T.'s hands, a tripartite agreement was made between complainant, K., and M., whereby, among other things, complainant was to assign M.'s notes and mortgage to K., in discharge of his debt to her, and T. was to hold and collect the same for her benefit. Afterwards complainant brought a suit for specific performance against M. and T., also making K. and her husband parties defendant, on the ground that they refused to join as complainants, but not alleging any default on their part. *Held*: (1) That even if the bill did state two or more separable causes of action, that neither of said causes of action was wholly between citizens of different states; (2) that the bill disclosed but a single cause of action; (3) that for both reasons the cause was not removable to the federal court on the ground of a separable controversy.

Appeal from the Circuit Court of the United States for the District of Nebraska.

John M. Thurston (Robert A. Moore was with him on brief), for appellant.

John L. Webster (Willard Eddy was with him on brief), for appellee R. H. Mather.

Elisha C. Calkins and Warren Pratt, for appellees Samantha Keck and Josiah L. Keck.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. The decision of this case, so far as this court is concerned, hinges upon a question of jurisdiction. The suit was brought originally by Will J. Scoutt, the appellant, against Samantha Keck, Josiah L. Keck, William C. Tillson, and R. H. Mather, the appellees, in the district court of Buffalo county, state of Nebraska, from which court it was removed by the defendant R. H. Mather to the circuit court of the United States for the district of Nebraska, where it was eventually tried, resulting in a decree for the defendants dismissing the bill of complaint. The plaintiff, Will J. Scoutt, and the defendants Samantha Keck, Josiah L. Keck, and W. C. Tillson were citizens and residents of the state of Nebraska, while the defendant R. H. Mather was a citizen of the state of Connecticut. The defendants Samantha Keck and Josiah L. Keck are husband and wife. The suit was brought for the specific performance of a contract for the purchase and sale of a tract of land situated in Buffalo county, state of Nebraska, which, prior to the month of June, 1891, was owned by Mrs. Keck. The bill of complaint, which was filed on June 30, 1892, contained, in substance,

the following allegations: That by virtue of a contract which was made by the plaintiff, Will J. Scoutt, in June, 1891, with Samantha Keck and her husband, the latter parties had become obligated to convey to the plaintiff the land which forms the subject-matter of the present controversy for the price and sum of $18,000, of which sum $4,500 was to be paid in cash on the execution of the deed, and the balance in three equal annual installments. That in August, 1891, the plaintiff, Will J. Scoutt, being the owner thereof in the manner aforesaid, sold the land, and executed a deed therefor in favor of the defendant R. H. Mather, for the sum of $34,000. That the latter person executed his notes for the purchase money, which were made payable to the plaintiff in the following amounts, and at the following dates, to wit: One note, for $3,000, due November 1, 1891; one note, for $3,000, due February 1, 1892; one note, for $2,500, due May 1, 1892; and three notes, for the sum of $8,500 each, due, respectively, on September 1, 1892, September 1, 1893, and September 1, 1894. That said R. H. Mather further executed a mortgage on the land in favor of said Will J. Scoutt to secure the payment of all of said notes. That thereupon the said deed, which was executed by the plaintiff, and the notes and mortgage, that were executed by the said Mather, were deposited with the defendant William C. Tillson, as cashier of the Kearney National Bank, with the following written instructions, and upon the following conditions:

"That the said Mather was to pay the three notes first maturing, and upon the payment of the same the said Tillson was to deliver to him the notes, and the said Tillson was to retain in safety deposit the money so paid until the plaintiff herein [Will J. Scoutt] should deliver to the said Tillson an abstract showing a perfect title to the said property in him; and upon the presentation to Tillson of the abstract showing perfect title, the said Tillson was to deliver to the said Scoutt the notes and mortgage [securing] the same, and record the deed from Scoutt and wife to Mather."

It was further alleged, in substance, that after the aforesaid deed, notes, and mortgage had been placed in the keeping of the defendant Tillson, an oral agreement was entered into by and between said Samantha Keck, R. H. Mather, and the plaintiff, Scoutt, whereby it was mutually agreed that Mather should pay to the defendant Tillson, on February 1, 1892, his two notes for $3,000 each, which matured, respectively, on November 1, 1891, and February 1, 1892, and that said notes when so paid should be returned to Mather; that, in consideration of such payment, Samantha Keck should execute a warranty deed in favor of the plaintiff, Scoutt, for the premises in controversy, and deposit the same with said Tillson, together with an abstract of title showing a good title in her at the date of the conveyance; that the plaintiff, Scoutt, should thereupon assign to Samantha Keck the notes and mortgage which had been theretofore executed by Mather in payment for the land, and leave the same, when thus assigned, with Tillson, for collection; and that Samantha Keck should accept the notes and mortgage, when so assigned, in payment of Scoutt's indebtedness to her on account of his purchase of the land. By a further agreement between the plaintiff and Mrs. Keck, the

former was to receive $^{16}/_{34}$ of the proceeds of said notes when collected from the defendant Mather. The bill further alleged that, in accordance with the aforesaid tripartite agreement, Samantha Keck subsequently executed a deed in favor of the plaintiff, Scoutt, for the land in controversy, and delivered the same to Tillson, together with an abstract showing a good title in her at the date of the conveyance, and that she subsequently obtained from Tillson the two Mather notes, for $3,000, that were to have been paid on February 1, 1892, and that she continued to hold said notes when the bill was filed. The plaintiff further charged that he had performed his part of the alleged agreement. He averred, however, in substance, that the defendant R. H. Mather had refused to pay the two notes, for $3,000 each, which matured on November 1, 1891, and on February 1, 1892; that Tillson still held the remaining notes and mortgage that had been executed by Mather; that Mather had given Tillson directions not to deliver the same; that, in consequence of such directions, Tillson had declined to deliver said notes and mortgage, or to proceed with the collection thereof; and that he had refused to place the two deeds then in his hands on record. The plaintiff also averred that Samantha Keck was proceeding to collect the two notes, for $3,000 each, which she had obtained from Tillson, and that she and her husband had refused to join with the plaintiff in a suit to specifically enforce the contract, for which reason he had made them parties defendant. The relief prayed for in the bill was as follows: First, that the defendant Tillson be compelled to place the two deeds in his possession on record, so as to vest the title to the property in controversy in the defendant Mather; second, that Tillson be compelled to deliver the notes and mortgage in his hands to the plaintiff and to Samantha Keck, or that he be compelled to proceed with the collection thereof, in accordance with the instructions given him by the plaintiff and said Mather when the notes were originally placed in his custody; third, that a judgment be entered against Mather for the three notes that were then past due, to wit. the notes that matured November 1, 1891, February 1, 1892, and May 1, 1892, and that the defendant Samantha Keck be required to bring into court the two of said notes which she had obtained from Tillson; and, fourth, that the defendants R. H. Mather and Samantha Keck be compelled to perform their agreement, and that the plaintiff have general relief.

The petition to remove the suit to the federal court was framed, and the endeavor is to sustain the right of removal, on two principal grounds: First, that when the parties are arranged upon the record according to their several interests, the controversy is between the plaintiff, Scoutt, and the defendant Samantha Keck, on the one hand, and the defendant R. H. Mather on the other; that the former persons are the real plaintiffs, who are seeking to enforce a specific performance of the contract made by Mather, who is the sole defendant; and that, as the parties to the controversy, when thus arranged, are citizens and residents of different states, the case was properly removed. The second contention is that the case discloses a separable controversy between Scoutt and Mather, and that

it was properly removed for that reason. We will examine these propositions in the order above stated.

The first of these contentions takes no account of the presence upon the record of the defendant William C. Tillson, who is a citizen and resident of Nebraska, but assumes that he is a formal and unnecessary party, whose presence for jurisdictional purposes may be ignored. In this we think that counsel are in error. According to the averments of the bill, Tillson was an agent or trustee, appointed by both parties to the contract, to hold certain deeds, notes, and mortgages, and to record the former and to deliver the latter on certain conditions heretofore shown, which, as the plaintiff avers, have been fulfilled. He had certain active duties to perform. He still holds the deeds and the mortgage, and all the notes, save two, which have come into the possession of the defendant Keck, and he declines, as it seems, to execute the trust or the powers that were thus reposed in him. The chief object of the suit is to obtain a decree compelling Tillson to record the deeds and to deliver the notes and mortgages, that being the only way in which the contract can be specifically enforced in the manner that was contemplated by the parties thereto. Moreover, all the other relief that is prayed for in the bill is merely supplementary or ancillary, and grows out of the fact that three of the notes had matured when the suit was filed, and that two of the overdue notes were at the time in the hands of the defendant Keck. The plaintiff evidently assumed that, because three of the notes executed by Mather had matured, he was entitled to pray for a judgment thereon, as well as for a decree compelling Tillson to record the deeds and to deliver the notes and mortgage, which was the principal relief that the plaintiff below sought to obtain. Under these circumstances we think that Tillson is a necessary party defendant, and that his presence upon the record as a co-defendant of Mather cannot be ignored. He has the actual and exclusive possession of the notes and mortgage which the plaintiff seeks to recover and he refuses to deliver the same. The case, therefore, cannot be distinguished in principle from the recent case of Wilson v. Oswego Tp., 151 U. S. 56, 14 Sup. Ct. 259. In that case a controversy arose between the plaintiff, a citizen of Missouri, and the defendant, a citizen of Kansas, relative to the right of possession of certain bonds that were in the custody of a bank, which was a corporation of the state of Missouri. The bank was made a party defendant to the suit, although it was a mere bailee of the bonds, having received them for safe-keeping, and having agreed to surrender them on the completion of certain work and on the return of a certain receipt. It was held, however, that, inasmuch as the suit was brought to obtain possession of the bonds which were in the bank's custody, the bank was a necessary party, and that the suit could not be removed to the federal court by its co-defendant, a citizen of Kansas, between whom and the plaintiff a real controversy existed as to the right of possession of the bonds. See, also, Thayer v. Association, 112 U. S. 717, 5 Sup. Ct. 355; Railway Co. v. Wilson, 114 U. S. 60, 5 Sup. Ct. 738; Crump v. Thurber, 115 U. S. 56, 5 Sup. Ct. 1154; Pittsburgh, C. & St. L. Ry. Co. v. Baltimore

& O. R. Co., 10 C. C. A. 20, 61 Fed. 705. So, in the case at bar, although Tillson has no interest in the notes and mortgage that are now in his hands, yet, as the suit is brought to compel him to surrender them to the plaintiff, and as they were originally placed in his hands under conditions that were imposed both by Scoutt and Mather, he is a necessary party to the suit. This case is unlike the cases of Wood v. Davis, 18 How. 467, 470; Bacon v. Rives, 106 U. S. 99, 1 Sup. Ct. 3; and Construction Co. v. Simon, 53 Fed. 1,—which are relied upon to sustain the right of removal. In the first of these cases (Wood v. Davis) a suit had been brought by a citizen of Illinois against citizens of Pennsylvania, for an accounting concerning certain transactions, and to obtain the cancellation of a certain note, executed by the plaintiff, on the ground that it had been fully paid. An agent of the defendants, who was a citizen of Illinois, and in whose hands the note had been placed merely for the purpose of collection, was joined as a co-defendant of the nonresident defendants, and as against him a temporary injunction was asked to prevent him from surrendering the note to his principals during the pendency of the litigation. The suit was held to be removable to the federal court by the nonresident defendants, on the ground that the agent was merely a formal and disinterested party. But in the same case the court made the following remark, which will serve to distinguish it from the case at bar:

"This is not the case of a stakeholder, or holder of a deed as an escrow, where a trust has been created by the parties which is sought to be enforced by one of them. In all such cases the trustee may be a proper party, as he has a duty to perform, and which the court may enforce if improperly neglected or refused."

In Bacon v. Rives, it was held that the right of a nonresident defendant to remove a case to the federal court was not defeated by the fact that a resident of the state had been made a party defendant merely as an equitable garnishee, and to prevent him, during the pendency of the suit, from paying over certain funds which belonged to the nonresident defendant. And in Construction Co. v. Simon, which was a suit brought by the maker of a note against a nonresident indorsee and owner thereof, for the purpose of having the note canceled, it was held by Mr. Justice Jackson, who subsequently delivered the opinion in Wilson v. Oswego Tp., above cited, that the fact that a banking corporation of the state, which held the note merely for collection, had been made a party defendant, would not prevent the nonresident owner and indorsee from removing the case to the federal court. It will be observed that in these cases the person who was adjudged to be a formal and unnecessary party was an agent or garnishee of one of the parties to the suit, who was under no obligation to the opposite party, and who had no active duty to perform; whereas, in the case now under consideration, the defendant Tillson occupied the relation of a trustee for both parties to the controversy, and in a certain event was under an obligation to deliver certain notes which are still in his possession, and to place certain deeds upon record, the performance of which duty the plaintiff now seeks to enforce. We think, therefore, that when the bill

of complaint is viewed as a whole, and a fair construction is placed upon its averments, it sufficiently appears that Tillson was a necessary and proper party to the relief sought by the plaintiff, and that the first ground of removal above stated cannot be upheld or sustained.

We have next to consider the question whether the bill of complaint disclosed a separable controversy which entitled the defendant Mather to remove the suit to the federal court on that ground. It is insisted in his behalf that the bill states two separable causes of action, to wit, one in favor of the plaintiff, Scoutt, against Mather, to enforce the contract of the latter to purchase the land in controversy from the plaintiff, and another cause of action in favor of the plaintiff against Samantha Keck, to compel her to sell and convey the land to the plaintiff. But, even if we should concede that this is a correct analysis of the bill, yet it is apparent that the controversy between Scoutt and Mather is not "wholly between citizens of different states," for the reason, already stated and shown, that Tillson is a necessary party defendant to that controversy, and he and Scoutt are citizens and residents of the same state. Even when a complaint or declaration discloses two or more causes of action, the suit is not removable unless, in the language of the removal act, "there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them." 25 Stat. 433, c. 866, § 2. And in the present instance neither of the alleged controversies can be said to fall within this provision of the statute. But we are not prepared to admit that the bill was filed to enforce two separable causes of action against different defendants. It was not framed, we think, upon any such theory, and is not susceptible of that construction. The bill shows, in substance, that a contract was first made by the plaintiff, Scoutt, to sell the land to Mather, on certain terms and conditions, and that the contract so made was subsequently modified, in some of its provisions, by a tripartite agreement between Scoutt and Mather and Samantha Keck. The bill was filed to enforce the original contract between Scoutt and Mather, as modified by the subsequent tripartite agreement, and for that reason it states a single, rather than a dual, cause of action. The bill alleges that Samantha Keck and her husband have already executed a deed in favor of Scoutt, and that they have delivered the same, together with an abstract of title, to the defendant Tillson, and that they are made parties to the present suit because they have refused to join therein as complainants. The bill does not show that they are in default in the execution of their part of the contract; but, in view of the tripartite agreement to which they were parties, and in view of the fact that they are entitled to share to a certain extent in the purchase money that is received from Mather, we think that they were properly made parties to the suit. The second ground of removal is not well taken.

In conclusion, it is proper to add that the record lodged in this court shows that the petition for removal was filed in the district court of Buffalo county, Neb., on August 1, 1892, before the time for filing an answer to the bill of complaint had arrived. It fails

to show, however, that the petition for removal was ever called to the attention of that court, or to the attention of the judge thereof, either on the day when an answer was due, or afterwards, or that said court or judge was ever asked to make any order with reference to the petition for removal. The record further shows that, long afterwards, to wit, on September 30, 1892, the defendant Mather made and filed in the state court a motion to dismiss the case as to him, and that said motion was argued and submitted, and eventually overruled. In view of these facts, appearing upon the face of the record, counsel for the appellant have insisted that the petitioner waived his right of removal, if such right ever in fact existed; and the judgment of this court is invoked on the latter point. But, inasmuch as we are satisfied, for the reasons already stated, that the case was not subject to removal, it is unnecessary to express an opinion with reference to the latter question. The decree of the circuit court dismissing the bill is vacated and annulled, and the case is remanded to the circuit court, with directions to remand it to the district court of Buffalo county, state of Nebraska.