Onnig K. **HAZARSHARIAN** (P.O. Box 2285, Beirut Liban),

**Alex Soonoser (Power of Attorney for above plaintiff),**

v.

**PRUDENTIAL SAVING ASSOCIATION OF PHILADELPHIA.**

Civ. A. No. 80–1159.

United States District Court, E. D. Pennsylvania.

July 31, 1980.

Supplemental Opinion Oct. 18, 1980.

18

Henry W. Balka, Philadelphia, Pa., for defendant.

Alex Soonoser, pro se, for plaintiff.

## OPINION

LOUIS H. POLLAK, District Judge.

This action was filed on March 21, 1980, with the caption appearing above. When an answer was filed by Henry W. Balka, Esq., on behalf of defendant, Prudential Saving Association, Alex Soonoser filed a motion "to strike that Henry W. Balka out of the case, the ground is that in several ocassion [sic] he is been attorney for plaintiff now he can't act against the plaintiff as an attorney."

Oral argument was to be heard on this motion on June 27, 1980. But when the matter was called for argument, I took the opportunity to explore, at my own instance, a larger question—namely, whether there is subject matter jurisdiction in this case.

The jurisdictional question arises as follows: Because the substantive claim in this case presents no federal question, this court is without jurisdiction unless there is diversity of citizenship as between the parties.

It is apparent from the pleadings that Onnig K. Hazarsharian is a citizen and resident of Lebanon, and that Prudential Saving Association of Philadelphia is a Pennsylvania corporation. As between Mr. Hazarsharian, as plaintiff, and Prudential, as defendant, there is a requisite diversity. 28 U.S.C. § 1332(a)(2). What complicates matters is the role in this litigation of Alex Soonoser, who, according to the caption of this case, holds "Power of Attorney for above plaintiff" [Mr. Hazarsharian]. Mr. Soonoser, representing both Mr. Hazarsharian and himself, advised me in court on June 27 that (a) he is an American citizen resident in Pennsylvania, and (b) he is, although a lawyer by training and experience before coming to this country, not admitted to the Pennsylvania bar.

If Mr. Soonoser, styled in the caption of this case in the manner set forth above, is to be taken as a party plaintiff along with Mr. Hazarsharian, there is presented a serious question whether his presence in the litigation destroys diversity (infra, I(A)).

Conversely, if Mr. Hazarsharian is the sole plaintiff, and Mr. Soonoser's role in the case is only that which derives from his asserted "Power of Attorney," the equally serious question arises whether Mr. Soonoser, not a member of the Pennsylvania bar, can pursue this case on Hazarsharian's behalf (infra, I(B)).

I.

A.

In court on June 27, I supposed that Mr. Soonoser was presenting himself as a party

plaintiff jointly with Mr. Hazarsharian. On the basis of that supposition, I indicated that I intended to enter an order dismissing for lack of subject matter jurisdiction. Such dismissal seemed to me required by virtue of the fact that Mr. Soonoser is a citizen of Pennsylvania (an American citizen residing in Pennsylvania) and Prudential is a Pennsylvania corporation.

■ On further reflection, I am less certain than I was on June 27 that Mr. Soonoser's role as plaintiff–if indeed he means so to present himself–is destructive of diversity jurisdiction. That would of course be the case in an ordinary lawsuit since it has been the established rule ever since *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806), that there must be complete diversity between the parties. Ambiguity creeps in, however, when a party's status is representative. When the representative is one of the "real parties to the controversy," *Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 462 n. 9, 100 S.Ct. 1779, 1782 n. 9, 64 L.Ed.2d 425 (1980), the citizenship of the representative is then taken into account in determining whether there is diversity of citizenship. See *Ivanna Field v. Volkswagenwerk AG*, 626 F.2d 293 (3d Cir. 1980).

This would appear to mean that whether Mr. Soonoser's Pennsylvania citizenship should, for jurisdictional purposes, be heeded or ignored, depends on whether Mr. Soonoser's power of attorney makes him a "real party to the controversy" under Pennsylvania law (or under such other body of law as may have controlling impact on some aspect of the litigation). Compare *Wood v. Davis*, 59 U.S. 467, 18 How. 467, 15 L.Ed. 460 (1856). An affirmative answer would mean that there are Pennsylvania citizens on both sides of this litigation, and dismissal for lack of jurisdiction would be required.

On the other hand, in this Circuit at least, a negative answer–a finding that Mr. Soonoser's power of attorney did not make him a "real party to the controversy"–may not necessarily mean that diversity jurisdiction exists. In *Fallat v. Gouran*, 220 F.2d 325 (1955), Chief Judge Biggs ruled that the district court erred in dismissing, for lack of

diversity, a suit brought by a New Jersey citizen, acting as Pennsylvania–court–appointed guardian for a Pennsylvania citizen, against a Pennsylvania citizen; notwithstanding that the guardian–plaintiff was not the person beneficially interested in the litigation, it was held that the guardian–plaintiff's citizenship was controlling for diversity purposes for the reason that she had capacity to sue under Pennsylvania law. The rule in *Fallat* has not been uniformly acclaimed (see 3A *Moore's Federal Practice* 17–37), and the Court of Appeals has declined to apply it in instances (apparently the obverse of the situation at bar) in which the appointment of a representative was thought to be a device to create diversity. See *McSparran v. Weist*, 402 F.2d 867 (3d Cir. 1968), *cert. denied*, 395 U.S. 903, 89 S.Ct. 1739, 23 L.Ed.2d 217 (1969), and *Groh v. Brooks*, 421 F.2d 589 (3d Cir. 1970); compare the valuable discussion in 14 *Wright & Miller, Federal Practice and Procedure* § 3640. But, as thus limited, *Fallat* appears to have retained its vitality in this Circuit. See *Carlsberg Resources Corp. v. Cambria Savings & Loan Ass'n*, 554 F.2d 1254, 1263 n. 6 (3d Cir. 1977) (Hunter, J., concurring). It is arguable that the Supreme Court's recently renewed emphasis on the real–party–to–the–controversy rule (*Navarro Savings Ass'n, supra*) leaves *Fallat* with no scope. But our Court of Appeals has not yet so decreed. Cf. *Volkswagenwerk AG, supra*.

In sum, whether Mr. Soonoser's participation as a party plaintiff would be fatal to the subject matter jurisdiction of this court is an issue which requires further inquiry.

B.

In the foregoing section of this opinion, I have outlined the questions with respect to this court's subject matter jurisdiction which would appear to be posed if Mr. Soonoser is to be understood as presenting himself as a party plaintiff. However, it may be that Mr. Soonoser wishes to present Mr. Hazarsharian as the sole plaintiff, with Mr. Soonoser presenting himself, via the "Power of Attorney," as Mr. Hazarsharian's in–court spokesman. It seems reasonable to suppose that Mr. Soonoser would be led

to prefer such a construction of the proceedings if the alternative construction—with Mr. Soonoser as a purported party plaintiff—were to dictate dismissal for lack of jurisdiction. But under the federal and local rules governing civil cases in this court, there would appear to be serious question whether one who is not a member of the Pennsylvania bar (and, so far as appears, not otherwise eligible to be admitted, generally or *pro hac vice*, to try a case in this court) could represent a party plaintiff other than himself notwithstanding that he is vested with that party plaintiff's power of attorney.

If the answer to that question is in the negative, dismissal would presumably follow, unless, within such reasonable time as this court would prescribe, an attorney admitted to practice before this court were to file an appearance on Mr. Hazarsharian's behalf.

### C.

In order to facilitate resolution of the questions posed under sections I(A) and (B) of this opinion, I request Mr. Soonoser and defendant Prudential to file legal memoranda and such supporting documentation as they may deem appropriate. Mr. Soonoser's submission should be filed within two weeks of the date of filing of this opinion. Prudential's submission should be filed within one week of the date of filing of Mr. Soonoser's submission.

### II.

■ This brings me to Mr. Soonoser's motion to disqualify Henry Balka, Esq. because of an alleged conflict of interest. In response to that motion, defendant has filed an affidavit by Mr. Balka reciting (1) that he has never represented Mr. Soonoser, and (2) that he understands that his son, Jerome Balka, Esq., did represent Mr. Soonoser in a related matter, but that he and his son have not, during any relevant time period, been associated in the practice of law. This response removes any question of impropriety in Henry Balka's representation of the defendant in this case, and so, in an order filed today, I will DENY Mr. Soonoser's motion to disqualify Mr. Balka.

### SUPPLEMENTAL OPINION

In a previous opinion of July 31, 1980, I explored preliminarily the issue of federal jurisdiction, and requested additional submissions to assist my determination. I now find that, for lack of complete diversity, I have no jurisdiction to hear the case, and hence I will enter an order of dismissal. 28 U.S.C. § 1332(a)(2).

The pleadings and uncontested affidavits filed reveal the following circumstances. Alex Soonoser, an American citizen and resident of Pennsylvania, filed suit in the Philadelphia Court of Common Pleas to recover from an insurance company for the loss by fire of a building. Mr. Soonoser had invested a substantial sum on behalf of one Onnig K. Hazarsharian, a citizen of Lebanon. The matter was settled for $23,000, and the check deposited in an escrow account with the Prudential Savings Association of Philadelphia, pending the outcome of a dispute over attorney's fees.

Upon an award by a board of arbiters, the Court of Common Pleas ordered the Prudential account garnished for $4,568.91, in favor of the attorney who obtained the insurance case settlement. Mr. Soonoser withdrew the balance in his own name, and then brought this action against the bank to complain of the garnishment.

As the complaint's caption (reproduced above) suggests, the issue now before this court focuses on the status of Mr. Soonoser: Since the defendant bank is a Pennsylvania corporation, if Mr. Soonoser is, in legal contemplation, a party-plaintiff, diversity is destroyed.

### II.

A letter to me (dated August 4, 1980) from Onnig K. Hazarsharian refers to Mr. Soonoser as both his attorney and as a plaintiff. Mr. Soonoser, for his part, seems to maintain that he is not a plaintiff, but Mr. Hazarsharian's attorney. Were Mr. Soonoser not a party, the consequent diversity between the Pennsylvania bank and Mr. Soonoser's Lebanese client would appear to satisfy jurisdictional requirements.

However, I conclude that Mr. Soonooser is a real party to this controversy. *Navarro Savings Ass'n v. Lee,* 446 U.S. 458, 462 and n. 9, 100 S.Ct. 1779, 1782 and n. 9, 64 L.Ed.2d 425, (1980). The pleadings here show that Mr. Soonooser had full power to manage and control the sum entrusted to him by Mr. Hazarsharian; further, all of the initial litigation in the Philadelphia courts and before the board of arbiters appears to have been at the instigation, and under the control, of Mr. Soonoser. Indeed, neither of the two lawyers who represented Mr. Soonoser there knew of Mr. Hazarsharian's alleged interest, nor was Mr. Hazarsharian mentioned in any pleading. The sum of money there at issue, a part of which forms the nub of the litigation before me, was in Mr. Soonoser's name at Prudential. He had legal title, managed the assets, and controlled the litigation. *Navarro Savings Ass'n v. Lee,* 446 U.S. at 461, 100 S.Ct. at 1782, *construing Bullard v. Cisco,* 290 U.S. 179, 189, 54 S.Ct. 177, 180, 78 L.Ed. 254 (1933). Thus, Mr. Soonoser's citizenship is relevant to the determination of diversity and destroys it. *Field v. Volkswagenwerk AG,* 626 F.2d 293, at 302 (3d Cir. 1980).