CULLEN, J., concurred; DYKMAN, J., dissented.

Award affirmed, with costs.

———————————

FRANK A. BENNETT, as Receiver, etc., of HENRY C. QUINN, Respondent, *v.* EDWARD G. WOLFOLK and Another, Appellants.

*Injuries to real estate — a cause of action therefor is assignable — the amount of damage to be determined by the jury, not by witnesses.*

All causes of action for injuries to rights in property survive to personal representatives, and are, therefore, assignable.

It is not proper for witnesses to testify, in an action brought to recover damages for injury to real estate, what would be a fair compensation for the inconvenience resulting from having posts and cables in the dooryard and stones obstructing the sidewalk in front thereof.  That question should be decided by the jury.

APPEAL by the defendants, Edward G. Wolfolk and another, from a judgment of the County Court of Westchester county in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 10th day of April, 1894, upon the verdict of a

jury, and also from an order made on the 10th day of February, 1894, and entered in said clerk's office, denying the defendants' motion for a new trial.

*Wm. J. Marshall,* for the appellants.

*Frank A. Bennett,* for the respondent.

CULLEN, J.:

This is an appeal from a judgment of the County Court, entered upon the verdict of a jury. The action is for trespass on the lands of one Quinn, by digging holes in his dooryard, anchoring there cables for defendants' derricks, and piling stones on the sidewalk. In supplementary proceedings against Quinn the plaintiff was appointed receiver.

But one exception was taken on the trial, that to the refusal to dismiss the complaint. The motion was based on the ground that the cause of action was not assignable, and did not pass to the receiver. This is plainly untenable. All causes of action for injuries to property rights survive to personal representatives, and are, therefore, assignable. (Code, § 1910 ; 2 R. S. 447, 448 ; *Byxbie* v. *Wood,* 24 N. Y. 607.)

It is now objected that there was no evidence to show the amount of the damage. These damages were not justly the subject of expert testimony. It was not for the witnesses, but for the jury, to say what would be a fair compensation for the inconvenience of posts and cables in the dooryard and stones obstructing the sidewalk.

The judgment and order denying new trial should be affirmed, with costs.

BROWN, P. J., and DYKMAN, J., concurred.

Judgment and order affirmed, with costs.