## GUILFOYLE v. PIERCE.

(Supreme Court, Appellate Division, First Department. April 24, 1896.)

1. SALE—RESCISSION FOR FRAUD.
     A vendee was not entitled to have a contract of sale of a livery stable canceled on the ground that defendant had misrepresented the profits of the business and condition of the property, where the evidence showed that he had full opportunities for personal investigation on these points, and that he inspected the books, and received all information asked for, and that the information given was true.

2. TRIAL—RESUME OF BOOKS IN EVIDENCE IN CHIEF—EXCLUSION.
     A written resumé of books already in evidence is properly excluded.

Appeal from special term, New York county.

Action by James F. Guilfoyle against Catherine C. Pierce. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

Franklin Bien, for appellant.
Leopold Turk and W. Lynn, for respondent.

RUMSEY, J. The action was brought for the cancellation of a contract, made between the plaintiff and the defendant, by which the plaintiff bought, and the defendant sold to him, a livery stable,

and for the return by the defendant to the plaintiff of what had been paid on the bargain, and for other relief. The ground of the. action was that the defendant had induced the plaintiff to enter into the contract of the sale by means of false and fraudulent representations, made to him, with regard to the profits which the stable had been earning for her, and with regard to the condition of the property. Upon the trial, both parties having told their stories, and introduced such evidence as they saw fit, the court dismissed the complaint, holding that the defendant did not commit a fraud upon the plaintiff in selling the property mentioned in the complaint. From the judgment entered upon this decision, the plaintiff takes this appeal.

We have examined the case carefully and are satisfied that the judgment was a proper one, upon the evidence presented to the court. It appeared, from the testimony, that the plaintiff had all the opportunity he desired to investigate the extent of the business done, and the way in which it was done, and the condition of the property; that he inspected the books, and received all the information that he asked for; and that the information given to him was true. There was no reason for saying that he was defrauded in any way.

Indeed, the appellant does not very strenuously insist that the decision upon the trial was not justified by the evidence; but he puts his right to a reversal largely upon the supposed error of the court in refusing to permit him to have marked for identification a paper which he had offered in evidence, and which had been excluded. It is hardly necessary to take much time to examine this alleged error. It is perfectly evident, from the testimony, that the paper was simply a resumé made by the plaintiff of the contents of certain books which were already in evidence, and it was properly excluded upon that ground, and upon the further ground that it was an attempt by the plaintiff, upon a rebuttal, to give the substance of testimony which had been already given by him when he had the case in chief. This evidence was not admissible, and therefore no damage could have resulted to the plaintiff upon the refusal to permit the paper to be marked.

The judgment must be affirmed, with costs. All concur.