(17 App. Div. 346.)

PIERCE v. LEES.

(Supreme Court, Appellate Division, First Department. May 7, 1897.)

RECEIVERS—ORDER TO CONVEY PROPERTY—STAY.

The operation of an order directing a receiver to convey property is not affected by the pendency of another action involving the right to such property, but a party may stay the execution of the order only by procuring a proper order and giving security.

Appeal from special term, New York county.

Application by Frances M. Pierce to compel David J. Lees, as receiver, to convey certain property to petitioner. The application was denied, and petitioner appeals. Reversed.

Argued before WILLIAMS, PATTERSON, O'BRIEN, INGRAHAM, and PARKER, JJ.

T. M. Tyng, for appellant.
Edward Jacobs, for respondent.

WILLIAMS, J.    The judgment was entered in an action wherein one James F. Guilfoyle was plaintiff, and one Catherine F. Pierce was defendant.    That action was brought to procure the rescission of a contract, and the conveyance by defendant to plaintiff of property which had been conveyed to defendant under the contract.    In that action the respondent, Lees, was appointed temporary receiver of the property and the rents accruing thereon, and the property was conveyed by defendant to him as such receiver.    He held the title to await the determination of the action, and collected and received rents therefrom.    Upon the trial of the action the complaint was dismissed, and judgment was entered upon such decision March 11, 1895. This judgment was affirmed on appeal by the appellate division of the supreme court (38 N. Y. Supp. 697), and judgment of affirmance was entered May 11, 1896.    An appeal was taken to the court of appeals from this judgment, but no security was given to perfect this appeal or to stay execution.    The appellant was the daughter of the defendant, and acquired all defendant's title and interest in the property and the rents collected by the receiver therefrom.    The original judgment directed the receiver to deliver to the appellant the rents in his hands, but directed him to reconvey the property to the defendant herself.    The appellate division made an order modifying the judgment so as to direct the receiver to convey the property to the appellant, instead of the defendant; and this is the direction which the appellant sought to compel the receiver to obey and carry out.

The receiver was willing to obey the order and direction of the court in respect to the property, but the Guilfoyles, by their action, made it so troublesome for him that he desired the further instructions of the court in the premises, and therefore this proceeding was commenced, in form to punish the receiver for contempt, but really to get the direction of the court supplemental to the judgment itself. We think an order containing such direction should have been made at special term.    The objection that another action had been commenced with respect to this property, in the name of Mary L. Guilfoyle, as plaintiff, against Mrs. Pierce, Mr. Guilfoyle, and Mr. Lees, the defendant, plaintiff, and receiver, respectively, in the other action, was raised before the appellate division, where the order was made amending the judgment; and we then said Mary A. Guilfoyle, the plaintiff's wife, was not a party in the action in which the judgment had been rendered, and had no right to object to the amendment; that the order could not, in any event, injure her, because she was fully protected by the lis pendens filed in the action commenced by her. The same suggestions are pertinent here, and it may be added that, if any further protection is needed, she should procure an injunction in her action, and give the security necessary to procure such injunction, especially as she asks to stay the execution of a judgment. It will not do to say the judgment shall not be executed, merely because some outside party has brought an action against the parties to the action.    She has the right to apply for an injunction to restrain the execution of the judgment, and if entitled to any protection by reason of the claim made in her action, beyond what is given her by the filing of a lis pendens, she must seek it through the rem-

edy by injunction. The receiver cannot be injured by his action in obeying the judgment, when he is not enjoined or stayed. He does not act voluntarily, but under the direction and compulsion of the court. It is equally true that the plaintiff's appeal from the judgment sought to be executed, having given no security to perfect the appeal or to stay execution, is no reason for the receiver refusing to obey the judgment. The Guilfoyles are seeking to obstruct the receiver in the performance of his duties, by commencing an action, serving notices of appeals and notices to the receiver that these things have been done. They should give security in the proper way if they desire to enjoin or stay the receiver in giving this conveyance to the appellant, and thus be in the position to bear the loss, if any, resulting from such stay or injunction. They are merely trifling with the court and its judgment and receiver, and should not be encouraged in doing so. They were made parties to this proceeding upon their own application, and appeared and opposed the motion, and succeeded in procuring the order appealed from to be made. By reason of their action in the matter, they should be required to bear the expense rendered necessary to procure a proper order to be made in the proceeding. The objection to the form or title to the proceeding is merely technical and formal. The papers bring the whole matter before the court. The mere title to the proceeding, whether entitled in the action or in the form of a special proceeding, is immaterial. It is apparently a special proceeding. People v. Dwyer, 90 N. Y. 402. Any informality in this respect may be, and should be, disregarded.

The order appealed from should be reversed, with $10 costs and disbursements of this appeal to appellant, to be paid by the Guilfoyles, and an order entered directing the receiver to execute and deliver the conveyance as directed by the judgment within 30 days after service of the order to be entered herein, with $10 costs of the motion to be paid by the Guilfoyles to the appellant. All concur.