### GUILFOYLE v. PIERCE et al.

(Supreme Court, Appellate Division, First Department. April 10, 1908.)

1. CANCELLATION OF INSTRUMENTS—PURCHASER—WHO MAY SUE—FRAUD.

Where plaintiff conveyed land to defendant as a part of the consideration for a certain business transferred by defendant to plaintiff's husband under an agreement between the husband and defendant, if defendant defrauded the husband by false representations as to the earnings of the business, plaintiff could not sue in equity and recover the property she conveyed, since she was, in effect, a stranger to the contract, and her cause of action did not adhere to or follow the land conveyed.

2. FRAUD—NATURE OF REMEDY.

If plaintiff was induced to furnish a part of the consideration by defendant's fraudulent representations, her remedy would be at law for damages.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Fraud, § 27.]

3. VENDOR AND PURCHASER—RESCISSION BY CONTRACTING PARTY—CONDITIONS PRECEDENT.

The husband could not obtain a rescission without restoring or offering to restore defendant's status quo; and he could not retain in himself or withhold through the wife any benefit derived from his contract.

4. EVIDENCE—SECONDARY EVIDENCE—FOUNDATION.

In an action to recover a part of the consideration of a contract on the ground of fraudulent representations as to the amount of a business, a copy of a portion of a book kept by defendant while in the possession of the business, but which had been.turned. over with the business, was not admissible, in the absence of a showing as to what had become of the original book.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 600, 605, 606.]

Appeal from Special Term.

Action by Mary A. Guilfoyle against Catherine E. Pierce and others to set aside a deed on the ground of fraud, and for an accounting. From an interlocutory judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

John M. Gardner, for appellants.
Franklin Bien, for respondent.

McLAUGHLIN, J. In 1893 the plaintiff owned a lot of land in the city of Brooklyn, and the defendant Catherine E. Pierce had a lease of a livery stable in the city of New York, and owned its good will, stock, fixtures, and contents. In consideration of $11,000 Mrs. Pierce transferred such business, including an assignment of the lease, to plaintiff's husband, James F. Guilfoyle. Two thousand dollars of the consideration was paid in cash; $1,000 by the assignment of a bond and mortgage; $3,500 by a conveyance of plaintiff's property; and the balance, $4,500, by the giving of a chattel mortgage on the property transferred. Guilfoyle continued in possession of the property transferred to him for several months, when he brought an action to rescind the contract of purchase on the ground that he was induced to make the same by false representations of the defendant Catherine E. Pierce as to what the stable was earning. In that action a receiver was appointed of the property conveyed by the plaintiff to Catherine E. Pierce, to whom, by direction of the court, Mrs. Pierce conveyed the same, to be disposed of by him as the judgment in the action might direct. Guilfoyle was defeated in his action at the March term, 1895, and his complaint was dismissed on the merits and on appeal the same was affirmed. Guilfoyle v. Pierce, 4 App. Div. 612, 38 N. Y. Supp. 697. In May, 1898, the receiver, by an order of the court, conveyed the Brooklyn property to the defendant Frances M. Pierce, who is a daughter of Catherine E. Pierce. This was done pursuant to an order which amended the judgment, and the order was affirmed on appeal. Guilfoyle v. Pierce, 9 App. Div. 1, 40 N. Y. Supp. 993. On June 10, 1896, this action was commenced to set aside the deed of the Brooklyn property on the ground that such conveyance was the result of a fraud practiced upon the plaintiff by Catherine E. Pierce as to the profits of the livery stable at the time the same was transferred to plaintiff's husband. The receiver did not at once convey, in pursuance of the judgment as amended, to Frances M. Pierce, and thereupon a proceeding was instituted to compel him to make such conveyance, which resulted in an order to that effect. This order was affirmed on appeal. Matter of Pierce v. Lees, 17 App. Div. 346, 45 N. Y. Supp. 294. Thereafter this action was brought to trial (the receiver in the meantime having died), and the complaint was dismissed; the court, as appears from his opinion, holding that there were fraudulent representations made, upon which plaintiff relied, which would necessitate setting aside the deed were it not for the fact that the judgment in the action brought by James F. Guilfoyle was controlling. Subsequently an application was made to vacate the judgment in the James F. Guilfoyle action, and for a new trial on the ground of newly discovered evidence. The motion was granted, and a new trial ordered, and then a motion was made to vacate the former judgment in this action and a similar order was made. After a new trial had been ordered in the action brought by James F. Guilfoyle he died, and that action has not again been tried. Subsequently this action came on for a second trial, and resulted in a judgment in favor of the plaintiff, setting aside the deed and directing a reconveyance to her. It is from this judgment that the present appeal is taken.

I know of no theory upon which the judgment appealed from can be

affirmed. James F. Guilfoyle was the purchaser of the stable. The entire consideration was paid by him, or for his benefit, and he alone, if any one, was defrauded by that transaction. The fact that the plaintiff furnished for him a part of the consideration did not enable her to get back such consideration in case he was defrauded. He alone could maintain an action to rescind the purchase, and it was only in his action that the issue of its rescission could be tried. The plaintiff in legal effect was a stranger to the transaction. She had no interest in the purchase of the stable. She furnished part of the consideration, but that was at her husband's request, and for his benefit. He could not obtain a rescission without restoring, or offering to restore, Catherine E. Pierce to her original position. He could not retain in himself, or withhold through another, any benefits derived from the contract. Francis v. N. Y. & B. El. R. Co., 108 N. Y. 93, 15 N. E. 192. If the plaintiff was induced to furnish to her husband a part of the consideration—that is, the conveyance of the Brooklyn property—by reason of the fraud practiced upon her by the defendant Catherine E. Pierce, then it may be that she could maintain an action to recover damages for such fraud. Such action, however, would be at law. She could not maintain an action in equity to set aside the conveyance, since her cause of action, if any, did not adhere to or follow the land conveyed. Tyson v. Ranney, 89 Wis. 518, 61 N. W. 563, 62 N. W. 931.

At the trial, to establish the fraud, plaintiff was permitted, against the objection and exception of defendants, to introduce in evidence a copy of a portion of a book kept by Catherine E. Pierce while she was in possession of the liverery stable. This was secondary evidence. The book itself was the best evidence of its contents, and should have been produced, or its nonproduction accounted for. When James F. Guilfoyle took possession of the stable, he also took possession of the book, and at the trial of the action which he brought against Catherine E. Pierce such book was then in his possession, or the possession of his attorney, and was there used. Guilfoyle v. Pierce, 4 App. Div. 612, 38 N. Y. Supp. 697. What has since become of it does not satisfactorily appear. Clearly sufficient ground was not laid for introducing secondary evidence of its contents.

The judgment appealed from therefore must be reversed and a new trial ordered, with costs to appellant to abide event.

INGRAHAM, CLARKE, and SCOTT, JJ., concur. HOUGHTON, J., concurs in result.