(157 App. Div. 364.)

### FOX v. HIRSCHFELD.

(Supreme Court, Appellate Division, First Department. June 13, 1913.)

1. FRAUD (§ 29*)—RIGHT OF ACTION—PERSONS ENTITLED TO SUE.

Where plaintiff was fraudulently induced to purchase certain real property, which he immediately transferred to his wife as a gift, without assigning his cause of action for deceit, he was entitled, notwithstanding the transfer, to maintain an action to recover the difference between the value the property would have had, had the representations been true, and its actual value.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 25; Dec. Dig. § 29.*]

2. FRAUD (§ 29*)—RIGHT OF ACTION—TRANSFER—EFFECT.

Where plaintiff, having been fraudulently induced to purchase certain real property, in order to give the property to his wife, executed on the back of the contract an assignment reciting that for value received he thereby sold and assigned to her all his rights therein, such transfer did not pass to the wife plaintiff's right of action for fraud.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 25; Dec. Dig. § 29.*]

McLaughlin and Clarke, JJ., dissenting.

Appeal from Trial Term, New York County.

Action by Henry E. Fox against Samuel Hirschfeld. From a judgment of nonsuit, and from an order denying plaintiff's motion for a new trial, he appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Laurence A. Sullivan, of New York City, for appellant.

David C. Myers, of New York City (Joseph H. Kutner, of New York City, on the brief), for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LAUGHLIN, J. This is an action at law to recover damages alleged to have been sustained by the plaintiff through false and fraudulent representations made by the defendant, with a view to inducing, and which did induce, the plaintiff to enter into and to consummate a contract in writing for the purchase of certain premises known as No. 70 East 113th street, borough of Manhattan, New York. In behalf of the plaintiff evidence was given tending to show that material false representations were knowingly made to him by the defendant to induce him to purchase the property, and that he relied thereon and was induced thereby to execute the contract, and that the market value of the premises was in fact very much less than it would have been, had the representations been true.

[1] The sole point upon which the complaint was dismissed was that the plaintiff assigned the contract to his wife, and that the premises were conveyed to her, and that, therefore, in the opinion of the trial court, he sustained no damage, and the cause of action, if any, vested in his wife under the assignment of the contract. The contract was executed under seal on the 24th day of August, 1910. The purchase price of the premises was $25,250. The plaintiff, at the time of signing the contract, paid $500, to apply on the purchase price. By the terms of the contract he became obligated to make a further payment, in cash or by certified check, of $1,750 on the delivery of the deed on the 10th day of September thereafter; and he agreed to accept the conveyance of the premises subject to mortgages for the balance of the consideration. After purchasing the premises and executing the contract, the plaintiff, with a view to making a gift of the premises to his wife, indorsed an assignment under his hand and seal on the contract, under date of September 7, 1910, the body of which is as follows:

"For value received, I hereby sell, assign, transfer, and set over unto Melinea H. Fox all my right, title, and interest in and to the within contract."

Thereafter the plaintiff paid the further cash payment, and the deed was executed and delivered to his wife. The evidence shows that he thereupon entered into possession of the premises and expended in maintaining them during the first six months upwards of $400 in excess of the rents received.

The fraud was not discovered until after the delivery of the deed, and until after plaintiff went into possession. Two remedies were then open to him: One to rescind the contract, which would require the tender back of a conveyance of the premises; and the other to affirm the contract and sue for damages for the fraud. The fraud was perpetrated on the plaintiff, and he being the purchaser, if the premises were worth less than they would have been if as represented, he necessarily sustained damages; and notwithstanding the fact that he had assigned the contract, and that the conveyance had been executed to his wife, the right to rescind the contract, or to bring an action for fraud, remained in him, provided, of course, if he elected to rescind, he was able to restore title to the defendant. Henry v. Daley, 17 Hun, 210; Simar v. Canaday, 53 N. Y. 298, 13 Am. Rep. 523; Comstock v. Ames, 3 Keyes, 357, Id., 1 Abb. Dec. 415; Guilfoyle v. Pierce, 125

App. Div. 504, 109 N. Y. Supp. 924; Kelly v. Gould, 64 Hun, 639, 19 N. Y. Supp. 349, affirmed 141 N. Y. 596, 36 N. E. 320; Lunn v. Shermer, 93 N. C. 164; Tyson v. Ranney, 89 Wis. 518, 61 N. W. 563, 62 N. W. 931; 20 Cyc. p. 80.

The cause of action was vested in the plaintiff the moment he executed the contract, and what he did with the contract or the property is wholly immaterial, since he performed it on his part, provided he has not assigned his cause of action. The contention is broadly made that since the plaintiff, by assigning the contract, gave the property to his wife, he has sustained no damages. The question as to what consideration the plaintiff received for the property has no bearing on his right to maintain the action. Medbury v. Watson, 47 Mass. (6 Metc.) 246, 39 Am. Dec. 726. He had a right to give the property to his wife, and, as against the defendant, he was entitled to have the property which he gave her of the value it would have been had the representations been true. What a vendee receives on a sale of property, if within a reasonable time after its purchase, may be competent evidence of its value at the time he purchased it; but it has no other bearing in an action by the vendee for fraudulent representations in inducing the purchase thereof.

The Court of Appeals in Simar v. Canaday, supra, held that a vendor of real estate, who was induced to part with his title on false and fraudulent representations with respect to three bonds and mortgages, which he was induced to take in part payment, and which, by his direction, were assigned to his wife as a gift, could, on ratifying the contract, maintain an action against the vendee to recover the damages, which, as I read the facts of the case, would be the difference between what the bonds and mortgages which he gave to his wife would have been worth, had the representations been true, and what they were actually worth.

That case is analogous to this, for in each the consideration received by the husband as the result of the contract, which he was fraudulently induced to make, was given to his wife, and the measure of damages was the difference between the value the consideration would have had, had the representations been true, and its actual value. If a vendor, who has been induced to part with his real estate on fraudulent representations with respect to securities received in consideration therefor, and which have been duly assigned to his wife, can recover the damages, measured by the difference between the value the securities would have had, had the representations been true, and their actual value, I see no reason why a vendee, who has been induced to purchase real estate and to pay a specified consideration therefor, on fraudulent representations with respect to the value thereof, may not, after directing that the conveyance be executed to his wife, maintain an action to recover the damages, measured by the difference between the value the property would have had, had the representations been true, and its actual value. In the one case, the vendor, in whom the cause of action for damages is vested, was induced to part with land, and in the other he was induced to part with money; but, on principle, the cases are the same. It is perfectly clear, I think, that the original cause of action

vested in the plaintiff, and not in his wife, and was not assigned to her. She parted with no consideration, and she received a conveyance of the property, which is all that the plaintiff assigned to her, for it was all that he was entitled to receive from the defendant under and by virtue of the contract.

[2] It is manifest that the plaintiff did not intend to assign the cause of action for damages to his wife, because neither at the time of the assignment nor of the execution of the conveyance had the plaintiff discovered the fraud. The cause of action was, of course, assignable (section 41, Personal Property Law; Bennett v. Wolfolk, 80 Hun, 390, 30 N. Y. Supp. 328); but the language employed in the assignment of the contract was not appropriate to assign a cause of action arising, not under the contract, but for the fraudulent representations of the defendant de hors the contract. The plaintiff assigned to his wife the rights which he had under the contract to receive a conveyance of the premises, and that she has received, upon his paying the consideration; and that, I think, was the extent of the rights which passed to her under the assignment.

It follows that the judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event.

INGRAHAM, P. J., and SCOTT, J., concur.

McLAUGHLIN, J. (dissenting). By the terms of the contract a deed of conveyance of the premises referred to therein was to be delivered to the plaintiff on September 10, 1910. On September 7th, three days prior thereto, plaintiff, for a valuable consideration, sold, assigned, and transferred to his wife all of his rights under the contract, and directed that the deed be made to her, and at the time fixed for the delivery of the deed the same was actually delivered to and accepted by her. She immediately went into, and has ever since remained in, possession, and is now the owner of the premises covered thereby. It is quite evident he intended to assign and transfer to his wife whatever rights he had growing out of or in any way connected with the making of the contract. There is nothing to indicate that he intended to reserve to himself a cause of action for fraud. This is apparent from the fact that he did not then know, nor did he learn until after the deed had been delivered, that there had been any misrepresentation as to the value of the premises. He is not, therefore, as it seems to me, in a position to maintain this action, since the damages for the fraud, if any there were, belonged to his assignee, and not to himself. The assignment, in the form in which it was made, transferred to her the right to maintain such action. Bentley v. Smith, 1 Abb. Dec. 126; Bennett v. Wolfolk, 80 Hun, 390, 30 N. Y. Supp. 328; section 41, Personal Property Law (Consol. Laws 1909, c. 41).

Simar v. Canaday, 53 N. Y. 298, 13 Am. Rep. 523, is not, as I read the opinion, in point. In that case the plaintiffs were husband and wife, and jointly brought an action to recover damages for an alleged fraud of the defendant in inducing them to convey certain real property, and to accept in part payment certain bonds and mortgages which

it was claimed were worthless. The property conveyed was owned by the husband. The bonds and mortgages were, by the direction of the husband, assigned to the wife, who joined with her husband in the deed of conveyance. It was held that her inchoate right of dower in the lands of her husband was a subsisting and valuable interest, to protect and preserve which she had a right of action, and for that reason she was properly joined as plaintiff with her husband.

For the foregoing reasons, I think the judgment and order appealed from should be affirmed.

CLARKE, J., concurs.