(163 App. Div. 409)

### ETTAR REALTY CO. v. COHEN.  (No. 5915.)

(Supreme Court, Appellate Division, First Department.  July 10, 1914.)

1. Fraud (§ 31*)—Vendor and Purchaser (§ 36*)—Nature of Remedy—
Remedies of Purchaser.

Where the owner of land misrepresented the price he paid and by reason of his misrepresentations obtained a greater price than he would otherwise have received, the purchaser may either affirm the contract and sue for damages for deceit or bring a suit for rescission.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 27; Dec. Dig. § 31;* Vendor and Purchaser, Cent. Dig. §§ 40, 52, 53; Dec. Dig. § 36.*]

2. Corporations (§ 448*)—Sales Before Incorporation—Remedies of Purchaser—Rights of Action.

Where defendant contracted to sell land, and the purchasers formed a corporation to which the conveyance was made directly, the corporation cannot without proof of an assignment recover against defendant for false representations made concerning the property; the contract for the conveyance having been made before the corporation was in existence, and the misrepresentations having been made to the individuals.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1709, 1789–1792; Dec. Dig. § 448.*]

Appeal from Bronx County Court.

Action by the Ettar Realty Company against Max Cohen.  From a judgment dismissing the complaint, plaintiff appeals.  Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Manton Marks, of New York City, for appellant.
Julius D. Tobias, of New York City, for respondent.

CLARKE, J.  The complaint demands judgment for $750, damages for deceit.  It alleged that plaintiff, being desirous of conducting a building operation, contracted with defendant that if he would purchase a certain lot for any price up to $17,500, and would make a building loan, it would give the defendant a profit of $4,000 on his purchase of said lot; that the defendant falsely and fraudulently represented that he had paid $17,500 therefor, when in truth and in fact he had paid but $16,750; that the plaintiff relying upon said false and fraudulent statements purchased the premises from him and paid him therefore $21,500; that said representations as to the price which the defendant paid for the said premises were false, and were known to him to be false and were made by him with intent to deceive and defraud the plaintiff.

It appeared in evidence that Meyer Isear and his brother early in March, 1911, had a conversation with the defendant in which they agreed that if he bought a certain piece of property at any price up to $17,500 they would purchase it from him for what he paid therefor and $4,000 more.  The defendant on March 17, 1911, entered into a written contract with the owner of said property to purchase it for $16,750.  He then falsely represented to the Isears that he had bought

it for $17,500. Believing said representations and induced thereby, a written contract was entered into by one Scheuer, acting for the Isears, in which he agreed to pay $21,500 therefor.

On March 20, 1911, the Third Avenue Building Company, Meyer Isear, treasurer, Abraham Isear, president, drew and delivered a check for $500 to the order of Louis Scheuer, who indorsed it to the Mercantile National Bank and on the same day drew his check on the Mercantile National Bank to the order of Max Cohen, which was delivered and paid to the said Cohen and was the $500 down payment on the contract of sale signed by Cohen and Scheuer.

When this title was passed, the deed was delivered to the Ettar Realty Company. The defendant Cohen gave the deed direct to the Ettar Realty Company, and that deed conveyed the same property that the contract called for.

The Isears testified that it was in December, 1913, that they first learned that instead of paying $17,500 on the property Cohen had only paid $16,750, and that they found this out from the contract between Mrs. Nixon, the former owner, and Cohen. The suit was commenced in the first week in January, 1914.

In March, 1911, when the contract was made, the Ettar Realty Company had not been incorporated. Meyer Isear is the president of the Ettar Realty Company.

The court dismissed the complaint at the close of the plaintiff's case upon the ground that the plaintiff had pursued the wrong remedy, saying:

"The agreement is merged in the contract, and if the contract is based on fraud, it should be set aside by a court of equity, and your remedy is in that."

[1, 2] The ground upon which the court dismissed the complaint was erroneous. The complaint sufficiently set up an action in deceit for damages. Such action is based upon the affirmance of the contract, and is one of the three recognized remedies which a defrauded party is entitled to invoke. The evidence established a prima facie case of deceit. The defendant represented that he had paid more for the property than he had, and, induced thereby, he was paid $750 more than he was entitled to under the agreement entered into. But the written agreement was not made by the plaintiff, the Ettar Realty Company, but by one Scheuer acting for the Isears. The deed was taken by the Ettar Realty Company, which was not in existence at the time of the contract, and the action is brought by said company. There is no evidence of any assignment to plaintiff of the cause of action for deceit. It therefore cannot recover under Fox v. Hirschfeld, 157 App. Div. 364, 142 N. Y. Supp. 261. That case was an action at law for deceit for false and fraudulent representations made by the defendant with a view to inducing the plaintiff to enter into a contract for the purchase of certain premises. The complaint was dismissed upon the trial upon the ground that the plaintiff assigned the contract to his wife, that the premises were conveyed to her, and that therefore he sustained no damage and the cause of action, if any, vested in his wife under the assignment of the contract. Mr. Justice Laughlin, writing the opinion of this court, said:

"The fraud was not discovered until after the delivery of the deed, and until after plaintiff went into possession. Two remedies were then open to him: One to rescind the contract, which would require the tender back of a conveyance of the premises; and the other to affirm the contract and sue for damages for the fraud. The fraud was perpetrated on the plaintiff, and he being the purchaser, if the premises were worth less than they would have been if as represented, he necessarily sustained damages; and, notwithstanding the fact that he had assigned the contract, and that the conveyance had been executed to his wife, the right to rescind the contract or to bring an action for fraud remained in him, provided, of course, if he elected to rescind, he was able to restore title to the defendant. * * * The cause of action was vested in the plaintiff the moment he executed the contract, and what he did with the contract or the property is wholly immaterial, since he performed it on his part, provided he has not assigned his cause of action. The contention is broadly made that since the plaintiff, by assigning the contract, gave the property to his wife, he has sustained no damages. * * * He had a right to give the property to his wife, and, as against the defendant, he was entitled to have the property which he gave her of the value it would have been had the representations been true. * * * It is perfectly clear, I think, that the original cause of action vested in the plaintiff, and not in his wife, and was not assigned to her. * * * It is manifest that the plaintiff did not intend to assign the cause of action for damages to his wife, because neither at the time of the assignment, nor of the execution of the conveyance, had the plaintiff discovered the fraud. The cause of action was, of course, assignable; * * * but the language employed in the assignment of the contract was not appropriate to assign a cause of action arising, not under the contract, but for the fraudulent representations of the defendant dehors the contract."

In the case at bar there is not even the form of the assignment. If this court was right in the case cited, I cannot see how the Ettar Realty Company has any cause of action. No representations were made to it. It was not then in existence. Said representations were made, if to anybody, to the Isears, who then seem to have been acting as the Third Avenue Company, whose check paid for the first down payment, through Scheuer, who signed the contract. While undoubtedly the Isears were the real parties in interest, if they were the parties deceived the cause of action vested in them. It does not appear that said cause of action has been transferred to the plaintiff.

For this reason, and not that expressed by the trial court, the judgment should be affirmed, with costs to the respondent. All concur.