Marcellus DeVaughn, as Receiver of Securities Guaranteed Company, Respondent, v. Frank E. McGray Company, Inc., Appellant.

Fourth Department, January 11, 1928.

Sales — action to recover purchase price of bonds — defense and counterclaims of fraud and misrepresentations — error to strike out defense that bonds had been resold upon same false representations — measure of damages is actual pecuniary loss.

In an action to recover the purchase price of bonds, the defendant pleaded as an affirmative defense and counterclaims that the bonds were purchased in reliance upon false and fraudulent representations made by the seller, that the bonds had been resold at a profit, but upon the same false and fraudulent representations which the buyer was authorized by the seller to make.

It was error to strike out the affirmative defense and counterclaims on the theory that if the bonds were resold at an advance in price the defendant had not suffered any damage, for the court overlooked the fact that the defendant had rendered itself liable by selling the bonds upon false and fraudulent representations.

The resale of the bonds did not relieve the seller from liability for its fraud, for the cause of action against it accrued when the contract was closed and the bonds delivered.

The defendant cannot recover damages, however, based on loss of profits and damage to his business, as alleged in the counterclaim, for the true measure of damage is indemnity for the actual pecuniary loss sustained as the direct result of the fraud.

Appeal by the defendant from a judgment of the Supreme Court, entered in the office of the clerk of the county of Oneida on the 25th day of May, 1927, and also from two orders entered on the 31st day of May, 1927.

*Fuller, Brown & Hubbard* [*M. G. Hubbard, Jr.*, of counsel], for the appellant.

*Dunmore, Ferris & Dewey* [*Thayer Burgess* and *L. W. Ferris* of counsel], for the respondent.

Hubbs, P. J. This is an action to recover the unpaid balance of the purchase price of bonds sold by plaintiff's predecessor, Securities Guaranteed Company, to defendant. The answer pleads an affirmative defense and counterclaims. It alleges that defendant purchased the bonds in question, relying upon the truth of false and fraudulent statements made by plaintiff's predecessor concerning them and their value. It also alleges that the bonds were entirely worthless, but that, relying on the truth of the representations so made to it, defendant paid $110,000 upon the purchase

price, accepted delivery, and afterwards resold all of them to its customers upon the same representations.

At the opening of the trial the court, on plaintiff's motion and defendant's admission of the allegations of the complaint, struck out the affirmative defense and counterclaims contained in the answer, and directed judgment in favor of the plaintiff for the full amount demanded in the complaint, with interest, upon the ground that the defendant had admitted in its answer that it had received from its vendees upon a resale of the bonds a sum in excess of that which it had paid for them, and had, therefore, sustained no damage, and had nothing to litigate except the alleged fraud; and that before the defendant could recover, it must establish both fraud and damage.

The learned trial court apparently overlooked the allegations of the answer that defendant had resold the bonds on the faith of the same false and fraudulent representations which induced defendant to purchase the bonds, and that defendant, upon the resale of the bonds, had made the same false representations to its vendees under express authority of its vendor so to do, thereby becoming liable in an action by its vendees to recover from it the money paid to it upon the purchase of said bonds.

The resale of the bonds by the defendant did not relieve the plaintiff's predecessor from liability for its fraud. The defendant's cause of action accrued when its contract was closed with the plaintiff's predecessor and it accepted the delivery of said bonds and contracted to pay for them.

In the case of *Fox* v. *Hirschfeld* (157 App. Div. 364, 366), which was a fraud action, the court said: " The cause of action was vested in the plaintiff the moment he executed the contract, and what he did with the contract or the property is wholly immaterial, since he performed it on his part, provided he has not assigned his cause of action." (See, also, *Clark* v. *Morgan County National Bank*, 196 Fed. 709; *Hubbell* v. *Miggs*, 50 N. Y. 480, 492; 2 Williston Sales [2d ed.], 1539; 27 C. J. p. 5, § 116, p. 99, § 247.)

We think that it was error to strike out the defense and counterclaims contained in the defendant's answer and direct judgment for the plaintiff. We are of the opinion, however, that the defendant cannot recover damages in this action for loss of profits and damage to its business, as alleged in the counterclaim. (*Crain* v. *Petrie*, 6 Hill, 522; *Foster* v. *DiPaolo*, 236 N. Y. 132.)

The rule of damages in an action for fraud is stated in the case of *Reno* v. *Bull* (226 N. Y. 546) as follows: " The purpose of an action for deceit is to indemnify the party injured. All elements of profit are excluded. The true measure of damage is indemnity

for the actual pecuniary loss sustained as the direct result of the wrong. [Citing cases.] The plaintiff paid $5,000 for the stock purchased by him. If he were entitled to recover at all, it was the difference between that amount and the value of the stock which he received with interest from that time. He was not entitled to anything else. This is the rule not only in this State, but in the Federal courts."

Under that rule the affirmative defense set up in the answer is sufficient and raises a question of fact and the counterclaim for the recovery of the money paid by the defendant to plaintiff's predecessor upon the purchase of the bonds is a proper counterclaim.

The judgment and orders should be reversed upon the law and a new trial granted, with costs to the appellant to abide the event.

All concur. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and SAWYER, JJ.

Judgment and order denying motion for new trial reversed on the law and order striking out the counterclaims reversed in part, and a new trial granted, with costs to appellant to abide event.