**WEBER et al. v. WITTMER CO. et al.**
No. 1991.

District Court, W. D. New York.
Nov. 22, 1935.

Andrews, Andrews & McBride and Alanson R. Fredericks, both of Syracuse, N. Y., for plaintiffs.

Truesdale, Clarke, Sheehy & Taylor and Paul Taylor, both of Rochester, N. Y., for defendants.

RIPPEY, District Judge.

This action was brought in the Supreme Court of the state of New York in and for Steuben county for the purpose of having declared fraudulent and void a certain oil and gas lease and to compel an accounting on the part of the defendants for the value of the minerals and the gas removed by them from the property covered by the lease. The case was removed to this court upon petition of the defendants. The complaint on its face sets forth the residences of the various individual parties to the action, but does not set forth a diversity of citizenship nor the amount involved so as to bring the case within the jurisdiction of the federal court. An answer was interposed in the state court. There is nothing

in the answer to supply the defects. The petition states that the amount in controversy, exclusive of interest and costs, is in excess of $3,000. There is no allegation of diversity of citizenship. It is upon that ground that plaintiffs move to remand the case.

Upon the hearing of the motion, the defendants moved to be permitted to amend the petition for removal by setting forth the diversity of citizenship. They are not seeking to bring in any facts arising subsequent to the commencement of the action or to change the situation as it existed at the time the action was commenced. The motion to amend the petition to show diversity of citizenship should be granted (28 U.S.C.A. § 399). Amendment of the petition for removal on any ground requested other than in the matter of citizenship cannot be granted.

On the question of severability, the plaintiffs had a right to claim against the defendants jointly, and the question must be settled on the complaint as it existed at the time the petition for removal was filed. Chicago, B. & Q. R. Co. v. Willard, 220 U. S. 413, 31 S.Ct. 460, 55 L.Ed. 521.

In any event, answer has been filed and the time to petition for removal has expired and the defendants are now too late in raising the question. Kraut v. Worthington Pump & Machinery Corporation (D. C.) 1 F.Supp. 307.

Upon allowance of the amendment on the question of diversity of citizenship, all parties plaintiff reside in and are citizens of the state of New York, except the plaintiff Irving P. Clancy, who resides in and is a citizen of the state of Pennsylvania. The Wittmer Company, corporate defendant, is a citizen of the state of Delaware, and the other individual defendants are residents and citizens of the state of Pennsylvania. On the face of the papers there is not such a diversity of citizenship as authorizes the court to assume jurisdiction, providing Clancy is a proper and necessary party plaintiff in the action.

The lease, dated July 8, 1930, which is sought to be set aside, was executed by Lester E. Rice and May Rice, the owners in fee of the real property in question, and Louis Weber and Bessie Weber, who held a contract of purchase and sale of the premises and were in possession thereof, as lessors, to Henry N. Wittmer, George Wittmer, Jr., Thomas Wittmer, R. H. Smith, and F. C. Klussman, doing business under the assumed name of Wittmer Oil & Gas Properties, lessees. The lessors were named in the group of plaintiffs, and the lessees as defendants. By the terms of the lease, the Wittmer Oil & Gas Properties acquired the exclusive right to drill and produce and remove petroleum and natural gas from the premises of the aforesaid plaintiffs in Steuben County, New York, for a period of ten years and so long thereafter as oil or gas should be produced from the land leased and royalties paid, with the right to lay pipe lines, use water, oil, and gas and necessary machinery upon said property leased, in consideration of the delivery to the lessors in pipe line of one-eighth of all petroleum produced and saved from the premises, and if gas were found thereon, and marketed therefrom, to pay therefor at the rate of $200 per annum in quarterly installments for the product of each well while the same was being used off the premises and marketed or made into gasoline or other products, the lessors reserving 200,000 cubic feet of gas per annum for domestic purposes. The lease also provides that it shall become void unless operations for a well are commenced on the premises within twelve months from July 8, 1930, unless the lessees should thereafter pay at the rate of $11.88 per quarter year in advance until operations for a well were commenced. Seventy-one dollars and eighty-eight cents has been paid on account of the extensions and tendered back. The complaint alleges that the lease was assigned by the lessees to the Wittmer Company, that the lessees were officers of the corporation and the corporation took the assignment with full knowledge of the fraud.

The action is one for rescission of the contract on the ground of fraud. It is too well settled to require citation of authorities that one induced by fraud to enter into a contract may upon discovery of the fraud either affirm the contract and sue for damages or repudiate the contract and tender back what he has received under it and recover what he has parted with, even in the hands of third persons, unless they are purchasers for value without notice of the fraud; the adoption of either remedy excludes the other (13 C.J. 653). Plaintiffs have elected to rescind.

The complaint alleges that on May 16, 1933, the aforesaid lessors conveyed to E. E. Bogart, a citizen of New York state who was named as a party plaintiff in this

886

action, an undivided one-half interest in all of the oil and/or gas in and under their farm property, and that Bogart subsequently transferred to Gordon, Clancy, and Liederbach (named as plaintiffs) three-eighths of his undivided one-half interest. Whether Clancy may maintain this action depends on whether Bogart can do so, because Clancy, Gordon, and Liederbach got no more than Bogart had to give.

The assignment to Bogart was made expressly subject to the terms of the lease to defendants and carried with it only a transfer of one-half of the gas and oil royalties due and to become due. It expressly provided that none of the rentals belonged to Bogart. In case of cancellation for any reason Bogart was to have one-half of any subsequent rentals received by the assignors from others. The assignors did not intend to transfer the cause of action set up in the complaint, otherwise they would have expressly so stated in the instrument as permitted by section 41 of the New York State Personal Property Law (Consol. Laws, c. 41). The terms of the assignment are not appropriate to carry with it any transfer of a cause of action for rescission on the ground that the execution of the contract was procured by false and fraudulent representations made, outside of the contract, by the assignees. The assignment to Bogart did not cover it. Comstock v. Ames, *42 N. Y. (3 Keyes) 357, 1 Abb.Ct. App. Dec. 411; Henry v. Daley, 17 Hun (N.Y.) 210; Bloomingdale v. Hodges, 21 Misc. 6, 46 N. Y.Supp. 859; Fox v. Hirschfeld, 157 App. Div. 364, 142 N.Y.Supp. 261; Ettar Realty Co. v. Cohen, 163 App.Div. 409, 148 N.Y. Supp. 625. Bogart was not a party to the original lease, nor was any fraud practiced on him. It follows that Bogart, Gordon, Clancy, and Liederbach, named as plaintiffs in this action, are neither necessary nor proper parties, and the complaint fails to state a cause of action in their behalf.

■ Jurisdiction cannot be defeated by joining formal or unnecessary parties. Wormley v. Wormley, 8 Wheat. 421, 451, 5 L.Ed. 651; Walden v. Skinner, 101 U.S. 577, 589, 25 L.Ed. 963; Wilson v. Oswego Township, 151 U.S. 56, 64, 14 S.Ct. 259, 38 L.Ed. 70. It is permissible for the court to examine the record for the purpose of ascertaining what the subject-matter of the controversy is and of discarding mere appearances, and for the purpose of ascertaining who are the actual litigants. Mc-

Henry v. New York, P. & O. R. Co. (C. C.) 25 F. 65; Wood v. Davis, 18 How. 467, 15 L.Ed. 460; Barney v. Latham, 103 U.S. 205, 26 L.Ed. 514. Only indispensable parties should be considered on a motion to remand, because all other parties may be dismissed and disregarded where their presence would oust or restrict the jurisdiction of the court. Geer v. Mathieson Alkali Works, 190 U.S. 428, 432, 23 S.Ct. 807, 47 L. Ed. 1122; Bacon v. Rives, 106 U.S. 99, 104, 1 S.Ct. 3, 27 L.Ed. 69. Furthermore, and entirely beyond that point, it is not the citizenship of Clancy, the assignee of Bogart, that is material; it is the citizenship of Bogart, the assignor, upon which the jurisdiction of the court depends (28 U.S.C.A. § 41(1); Mexican Nat. R. Co. v. Davidson, 157 U.S. 201, 15 S.Ct. 563, 39 L.Ed. 672; Smith v. Fifield (C.C. A.) 91 F. 561; Parker v. Ormsby, 141 U. S. 81, 11 S.Ct. 912, 35 L.Ed. 654; Kraut v. Worthington Pump, etc., Corporation (D. C.) 1 F.Supp. 307; Mexican Gulf Oil Co. v. Compania Transcontinental De Petroleo, S. A. (D.C.) 281 F. 148, affirmed (C.C.A.) 292 F. 846.

A motion was presented contemporaneously with the motion to remand to dismiss the complaint as to the plaintiffs Bogart, Gordon, Clancy, and Liederbach. Those parties being unnecessary parties to the action, and the court having jurisdiction of the case, and the complaint stating no cause of action in behalf of said parties, the motion to dismiss as to them should be granted.

■ The defendant has also moved to dismiss the complaint as to Henry N. Wittmer and George Wittmer, Jr., Thomas Wittmer, R. H. Smith, and F. C. Klussman, doing business under the assumed name of Wittmer Oil & Gas Properties. Under the pleadings, recovery may be had against the corporation or against the individual defendants or against both, as the facts may appear upon the trial, and the motion is denied.

The defendants also move contemporaneously with the motion to remand for permission to file an amended answer so as to set up facts which came to the attention of counsel subsequent to the filing of the answer in this case. The question as to whether the proposed amendment is necessary, in view of the dismissal of the complaint in so far as Bogart, Clancy, Gordon, and Liederbach are concerned, is not now

passed upon. The proposed amendment to the answer attached to the moving papers will be allowed.

It therefore follows that the motion to amend the petition on the question of citizenship must be granted but otherwise denied, that the motion to remand must be denied, that the complaint must be dismissed as to the plaintiffs Bogart, Gordon, Clancy, and Liederbach and their names stricken out as parties plaintiff in this action, that the motion to dismiss the complaint as to the individual defendants must be denied, and that the motion to amend the answer will be granted without costs, and it is so ordered.