Chicago Title and Trust Company, Appellant, v. Barnett Vincennes Hotel Corporation et al., Appellees.

**Gen. No. 40,540.**

Opinion filed April 26, 1939.

ALTHEIMER, WOODS & SMITH and WOODS, WOODS, BROWN & SLATER, all of Chicago, for appellant; WALTER B. SMITH and CHARLES H. BLUMENFELD, of Chicago, of counsel.

HARRY A. BIOSSAT, of Chicago, certain for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

On October 6, 1931, on motion of the plaintiff, Richard M. O'Brien was appointed receiver of the premises known as the Vincennes Hotel, located in Chicago. He was directed to collect the rents, manage the premises and perform the usual duties of a receiver under a complaint for the foreclosure of the lien of the trust deed. On November 14, 1936, a decree of foreclosure was entered. Pursuant to the decree, the property was sold by a master in chancery on November 14, 1936. On January 6, 1937, the court confirmed the sale and directed that the receiver continue in possession of the premises until the expiration of the period of redemption. After crediting the amount received in the sale, there was a deficiency in the sum of $114,609.34. On February 3, 1937, the court entered a deficiency judgment against the Barnett Vincennes Hotel Corporation, a corporation, for the amount of the deficiency. On March 24, 1938, the attorney for the receiver served notice on the attorneys for plaintiff that on March 25, 1938, he would appear before Judge James F. Fardy and "present the petition and final report and account of the receiver herein, said report being for the period from December 1, 1937, to March 16, 1938, copy of said petition being herewith served upon you, and ask for the entry of an order approving same, and for the allowance of fees to said receiver and to the attorney for the receiver herein." As stated, a copy of the petition was at the same time delivered to the attorneys for plaintiff. The notice, petition and final account were presented to the court on March 25, 1938. The petition recites *inter alia* that the period of redemption had expired and that he had received

$2,209.61 and disbursed $265, leaving a balance on hand of $1,944.61. He prayed that an order be entered ''approving his twelfth and final report and account herewith presented, allowing him such fees as the court may fix on account of his services as such receiver herein, and allowing Charles P. Hansen, his attorney herein, such fees on account of his services as such attorney herein, as the Court may fix, directing your petitioner with respect to the balance in his hands after the payment of said fees, discharging your petitioner as receiver herein, and canceling the liability upon your petitioner's bond.'' On March 29, 1938, the court entered an order approving the final report and account, allowed fees to the receiver and his solicitor, and ordered that said Richard M. O'Brien, receiver, shall pay the balance in his hands after the payment of the above fees to himself and his attorney on the general taxes levied on the premises herein, and that the said Richard M. O'Brien be discharged and the liability on his bond canceled. On April 25, 1938, plaintiff presented a petition in which it recited that the notices served upon its solicitors did not state that any request would be made for the entry of an order directing the payment of taxes; that the attorney whose name was signed to the notice served on it on March 24, 1938, was not the attorney who had theretofore appeared for the receiver; that it had no notice of any substitution of solicitors for the receiver; that the receiver on November 18, 1937, paid $1,000 on account of 1935 taxes and on April 1, 1938, paid $1,819.61 on account of 1936 taxes; that by reason of the latter payment on taxes, the entire net earnings of the receivership during the period of redemption were exhausted and nothing remained to be applied upon the deficiency; that the payment of taxes after the sale was improper and illegal, and prayed that the orders entered subsequent to the sale directing payment on account of taxes,

be vacated, and that the receiver be directed to pay plaintiff for the benefit of the bondholders the sums so paid on account of taxes, crediting such payments to the deficiency decree. On May 5, 1938, the receiver answered to the effect that on January 6, 1937, an order was entered directing him to pay the moneys that he then had on hand, on delinquent taxes; that pursuant to the order and on November 18, 1937, he paid $1,000 on account of 1935 taxes and on April 1, 1938, he paid $1,819.61 on account of 1936 taxes; that in making such payments on account of taxes, he followed the orders and directions of the court, and that his actions in making the payments were proper. On June 9, 1938, the court decreed that the petition of complainant be denied and dismissed its petition, to reverse which this appeal is prosecuted.

The rents, issues and profits were pledged as security for the payment of the debt. Plaintiff had a clear right to insist that the balance in the hands of the receiver be applied on the deficiency. The parties are not in dispute as to that proposition. The receiver asserts that it was his duty as an officer of the court to comply with the order directing the payment of the balance on account of taxes. Plaintiff replies that it had the right to appear within 30 days after the entry of the order and to move that the order be vacated, and that when the receiver paid the taxes before the 30-day period had expired, he did so at his peril. The order was entered March 29, 1938; the taxes were paid by the receiver on April 1, 1938, and the petition by the plaintiff was presented on April 25, 1938. Section 174, ch. 110, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 104.050] (section 50, Civil Practice Act), provides that the court "may within thirty days after entry thereof set aside any judgment or decree upon good cause shown by affidavit, upon such terms and conditions as shall be reasonable." The instant appeal

is from the order wherein the court declined to grant the prayer of plaintiff's petition. While it is not an appeal from the order of March 29, 1938, if the position of plaintiff is sustained, the effect would be to set aside that part of the order of March 29, 1938, which directed the receiver to pay the balance on hand on account of taxes. The question to be determined here is whether in dismissing the petition presented by plaintiff, the chancellor abused the discretion reposed in him. The petition recites that there was a substitution of solicitors for the receiver without notice to plaintiff, but it does not indicate that plaintiff was in any way harmed by such lack of notice of the substitution. The petition, a copy of which was served on plaintiff's attorney on March 24, 1938, sets out the receipts and disbursements and states that there was a balance on hand of $1,944.61. Plaintiff was given notice that the receiver was asking the direction of the court as to what to do with the balance on hand after the payment of fees. Hence, plaintiff had notice that the court would enter an order disposing of the balance. While the petition filed by plaintiff sought to charge the receiver with the $1,000 paid on November 18, 1937, as well the $1,819.61 paid on April 1, 1938, the notice of appeal affects only the payment of April 1, 1938. Plaintiff knew that it was the duty of the receiver to comply with the order of the court, yet it waited until April 25, 1938, before taking any steps to indicate that it objected to the receiver paying the funds on hand on account of taxes.

In *Reardon v. Youngquist*, 189 Ill. App. 3, this court said, p. 12:

"A receiver is an officer of the court and subject to its orders. The real custody of the property in his hands is in the court, of which he is an officer. *Coates v. Cunningham*, 80 Ill. 467. As such officer, he has no discretion or personal control over the property in his

hands. *Fields v. United States,* 27 App. Cas. D. C., 433. He must obey the orders of the court so long as they are unimpeached. *People v. United States Mut. Acc. Ass'n,* 88 App. Div. (N. Y.) 597. Expenditures made in pursuance to such orders cannot be questioned on the receiver's accounting. *People v. Manhattan Fire Ins. Co.,* 41 Misc. (N. Y.) 611; *State v. Port Royal & A. Ry. Co.,* 45 S. C. 464; *People v. United States Mut. Acc. Ass'n,* 88 App. Div. 597. Neither can the propriety of entering the order be challenged on exceptions to the master's report on the receiver's account. *Woolsey v. Cummings Car Works,* 33 N. J. Eq. 432. Obedience to such orders is his sufficient protection. *How & Co. v. Jones,* 60 Iowa, 70; *In re Home Provident Safety Fund Ass'n,* 129 N. Y. 288; Id., 60 Hun. 584; *Willis v. Sharp,* 124 N. Y. 406; *Pfeffer v. Kling,* 58 App. Div. 179, affirmed in 171 N. Y. 668; *Pierce v. Lees,* 17 App. Div. 346; *State v. Port Royal & A. Ry. Co.,* 45 S. C. 464. And this is true even if the order is erroneous and is subsequently reversed. *Platt v. New York & S. B. Ry. Co.,* 170 N. Y. 451; *Coe v. Patterson,* 122 App. Div. 76, and 123 App. Div. 914; *Lesster v. Lawyers' Surety Co.,* 50 App. Div. 181.

"Having had notice of the various petitions of the receiver for direction and authority to pay the various items now objected to, they are chargeable with notice of the orders entered. It was clearly the duty of appellees, if they desired to oppose the payment of those various items by the receiver out of the funds in his hands, to have opposed the entry of the order by showing to the court why it should not or could not legally be entered, or at least to have sought its vacation on motion and a showing. Failing in this they should have notified the receiver that they would hold him responsible for a misapplication of the funds, if he obeyed the order. Having done none of these things, but on the contrary having acquiesced in what

was done by absolute silence, even if not by actual consent, their conduct savors of an attempt to entrap the receiver and should be and in our judgment is enough to estop them from now complaining. We think the receiver should have credit for all moneys paid out by him in pursuance to the orders of the court above referred to.''

There is no contention that the receiver acted in bad faith. Had plaintiff, prior to the time when the receiver paid the taxes, given notice that it would appear and ask that the order directing the payment of taxes be vacated, the situation might be different. Here the receiver acted pursuant to the order of the court. He presented his petition and account to the court and asked the court for directions. He was not required to wait 30 days before obeying the court. The court directed him to pay the balance in his possession on account of taxes. Under the circumstances, it would be an injustice to require him to pay plaintiff (for application on the deficiency decree) the sum which he paid on account of taxes. Therefore, the decree of the superior court of Cook county is affirmed.

*Decree affirmed.*

Denis E. Sullivan, P. J., and Hebel, J., concur.